FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 20, 2023**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 4:20-CV-05227-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney Chad Hatfield represents Heather S. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.  JURISDICTION

Plaintiff filed an application for Supplemental Security Income on June 28, 2018, alleging disability since February 12, 2018, due to right arm injury, complex regional pain syndrome, degenerative disc disease, lower back pain, bulging discs, insomnia, arthritis, migraines, asthma, and depression. Tr. 99-100. The application was denied initially and upon reconsideration. Tr. 130-34, 137-39. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on May 13, 2020, Tr. 36-53, and issued an unfavorable decision on July 14, 2020. Tr. 17-27. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on September 16, 2020. Tr. 1-5. The ALJ's July 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 19, 2020. ECF No. 1.

## II.  STATEMENT OF FACTS

Plaintiff was born in 1986 and was 32 years old when she filed her application. Tr. 99. She has a GED and a CNA certification. Tr. 740. She has worked as a caregiver and cashier. Tr. 45-47. In 2010 she was bitten in the arm by a patient and subsequently developed an infection and complex regional pain syndrome (CRPS), resulting in limited use of her right arm. Tr. 435, 740. She has also experienced a couple of falls that have caused years of back pain. Tr. 435. In May 2019 she had a spinal cord stimulator implanted, which gave her significant relief of her arm symptoms. Tr. 811, 833, 849.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the

claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.   ADMINISTRATIVE FINDINGS

On July 14, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-27.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 20.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: back injury with lumbar radiculopathy and complex regional pain syndrome (CRPS) of the right upper extremity. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work, with the following additional limitations:

> [S]he cannot climb ladders, ropes, or scaffolds, and cannot operate foot controls with the left lower extremity, and can only occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs, and no more than occasional overhead reaching with the right upper extremity and frequently handle and finger with the right upper extremity, and she must avoid exposure to airborne pollutants/ respiratory irritants (e.g., fumes, odors, gases, dust, chemicals, and poorly ventilated areas), unprotected heights, and moving or dangerous machinery.

Tr. 22.

At *step four*, the ALJ found Plaintiff was unable to perform her past relevant work as a certified nurse assistant, home health aide, or cashier.  Tr. 24.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of food and beverage order clerk, electronic semi-conductor assembler, and semi-conductor loader.  Tr. 25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision.  *Id.*

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) deviating from the prior ALJ decision's RFC findings regarding the right arm; (2) improperly evaluating medical opinion evidence; (3) improperly finding impairments non-severe at step two; (4) failing to conduct an adequate analysis at step three; (5) improperly rejecting Plaintiff's subjective complaints; and (6) conducting an inadequate analysis at step five.

## VII.   DISCUSSION

A.   **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints.  ECF No. 13 at 17-20.  It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's findings, however, must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

(9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's complaints were unsupported by the objective evidence of record and undermined by evidence of limited treatment for CRPS, improvement with treatment, and Plaintiff's return to the workforce. Tr. 22-23.

Plaintiff argues the ALJ's rationale is insufficient, as the ALJ ignored evidence of abnormal exam findings and failed to address the incurable nature of CRPS. ECF No. 13 at 18-19. Plaintiff further argues that there is no indication that the improvement and work activities documented in the fall of 2019 were sustained. *Id.* at 19. Defendant argues the ALJ reasonably considered evidence of Plaintiff's improvement and her return to work, along with the minimal objective findings. ECF No. 15 at 5-8.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's reports. Evidence of medical treatment successfully

relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ, however, must consider the longitudinal record. While the record supports the ALJ's finding that Plaintiff's symptoms improved during the second half of 2019, allowing her to return to the workforce, the ALJ failed to explain how this improvement undermined Plaintiff's earlier claims of debilitating symptoms. Plaintiff had a spinal cord stimulator implanted in May 2019. Tr. 849. Once the stimulator was activated and calibrated, she began to experience improvement in her CRPS symptoms. Tr. 802, 811, 833. The ALJ's decision is internally inconsistent in finding that Plaintiff experienced improvement with this treatment, but not addressing her capabilities for the preceding year and issuing one RFC for the entire relevant period. On remand, the ALJ shall reconsider the entire relevant period, and make adequate findings as to Plaintiff's abilities both before and after her spinal cord stimulator implant, comparing the evidence of possible medical improvement to the evidence of her abilities prior to the improvement. *See generally Attmore v. Colvin*, 827 F.3d 872 (9th Cir. 2016).

      The ALJ additionally found that, other than pain medication, Plaintiff had no significant treatment for upper extremity complaints during the adjudication period. Tr. 23. Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ, however, must consider possible reasons for the lack of treatment. Social Security Ruling 16-3p. Here, the record clearly documents that Plaintiff's treating sources wanted her to get the spinal cord stimulator much earlier, but Plaintiff's insurance denied coverage for the procedure for over a year, despite Plaintiff's doctor's indication that she was an excellent candidate and that other therapies were less beneficial and more problematic, such as chronic opiate usage.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

Tr. 595, 602, 610, 416, 727, 730.  The ALJ's finding that Plaintiff did not receive treatment for her CRPS is an incomplete characterization of the record.

The only other rationale offered by the ALJ was the lack of support from the objective testing.  An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).  But this cannot be the only reason provided by the ALJ.  *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence).  Furthermore, the record does contain objective findings of Plaintiff's conditions, including tenderness, limited range of motion, positive straight leg raise tests, and impaired gait, among other findings.  Tr. 472, 572, 576, 579, 592-93, 598, 606, 610, 614, 651, 655, 662-63, 666, 701, 704, 721, 730, 773.  It is not clear to the Court that the ALJ's conclusion that the objective evidence does not support Plaintiff's allegations is reflective of the record as a whole.

On remand, the ALJ shall reconsider Plaintiff's subjective testimony, considering the record as a whole, including the progression of Plaintiff's symptoms over the years, and any additional evidence that may be submitted.

B.    **Medical Opinion Evidence.**

Plaintiff argues the ALJ erred in failing to evaluate an opinion from her treating provider, Chris Benner, ARNP.  ECF No. 13 at 12-14.  For claims filed on or after March 27, 2017, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 416.920c(c).

In July 2019, one of Plaintiff's providers for her Labor and Industries claim, ARNP Chris Benner, had a meeting with Plaintiff's vocational counselor to review her case, particularly her functional capacity exam and a work conditioning/

hardening program. Tr. 793. Mr. Benner noted that the combination of Plaintiff's pre-existing CRPS and her low back injury made her incapable of doing "any of the jobs,"[2] and he further questioned how Plaintiff had been performing caregiving work at all at the time of her injury, given the limitations on her right arm. *Id.* The ALJ did not address this note when discussing Mr. Benner's other opinions. Tr. 24.

Plaintiff argues the ALJ erred by failing to discuss this assessment. ECF No. 13 at 12-14. She asserts the opinion is independently confirmed by other treatment notes and Plaintiff's progressively worsening symptoms. *Id.* Defendant argues the revised regulations indicate this is not a medical opinion, as it comments on an issue reserved to the Commissioner, and thus the ALJ was not required to provide any analysis of this statement in the decision. ECF No. 15 at 8-13.

The Court finds the ALJ did not err. The new regulations clarify what constitutes a "medical opinion" that must be evaluated under the revised standards. A medical opinion is defined as a statement from a medical source about what a claimant can still do despite their impairments. 20 C.F.R. § 416.913. The revised regulations make clear that the requirements surrounding evaluation of medical opinions and articulation of persuasiveness do not apply to other kinds of evidence, including issues reserved to the commissioner (such as whether an individual has a severe impairment, meets or equals a listing, or is disabled). 20 C.F.R. § 416.920b(c). Indeed, the regulations state that such evidence is "inherently neither valuable nor persuasive" and the ALJ "will not provide any analysis" about how it is considered. *Id.*

---

[2] The functional capacity exam and any documentation of the work conditioning program are not in the record, so it is unclear what jobs Mr. Benner was referencing.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

Mr. Benner's statement in the treatment note in question does not assess any specific limitations. Tr. 793. It therefore does not qualify as a medical opinion and the ALJ was not required to provide an assessment of its persuasiveness. Furthermore, despite Plaintiff's assertion, it is not clear whether Mr. Benner was ruling out all jobs entirely, or just the jobs that were included in the work conditioning program. *Id.* The Court finds the ALJ did not err in failing to specifically discuss this treatment note and its persuasiveness.

C.      **Prior ALJ Decision.**

Plaintiff argues the ALJ erred in failing to give res judicata effect to a prior ALJ unfavorable decision, which assessed greater limitations on Plaintiff's use of her right arm. ECF No. 13 at 11-12. In 2013, Plaintiff filed a Title II claim for Disability Insurance Benefits, which was denied in a 2015 unfavorable ALJ decision. Tr. 57-66. The prior ALJ found Plaintiff was capable of performing light work, but that she could not push, pull, reach, handle, finger, or feel with the right upper extremity. Tr. 60. Plaintiff appealed the decision to the Appeals Council and to this court, where it was affirmed. Tr. 71-75, 80-98.

This prior unfavorable decision created a presumption of continuing non-disability for subsequent claims filed under the same title of the Social Security Act, pursuant to *Chavez v. Bowen*, 844 F.2d 691, 693-94 (9th Cir. 1988) and Acquiescence Ruling 97-4(9). This presumption can be rebutted by the claimant proving changed circumstances with respect to the unadjudicated period, such as a change in age category, an increase in the severity of impairments, new impairments or a change in the criteria for determining disability. *Id.*

In the current claim, the ALJ noted the prior application and denials, and found Plaintiff was alleging new impairments that were not previously considered in the first application. Tr. 18. The ALJ also noted that the current application was for Supplemental Security Income, under Title XVI. *Id.* The ALJ did not

explicitly make a finding about the application of *Chavez* and AR 97-4(9) or the presumption of continuing non-disability. *Id.*

Plaintiff argues the ALJ provided no justification or rationale to depart from the prior RFC findings, and asserts that the record indicates no improvement in Plaintiff's right arm problems that would allow for greater RFC capabilities. ECF No. 13 at 11-12. Defendant argues that the requirements of *Chavez* and the standards of res judicata do not apply because the claims are under different titles of the Social Security Act. ECF No. 15 at 3-4. Even setting that factor aside, Defendant argues that the ALJ reasonably did not apply res judicata to the prior ALJ's RFC findings due to new issues being present in the current claim, including new impairments, Plaintiff's return to work, and significantly changed circumstances. *Id.* at 4-5.

The Court finds the ALJ did not err. The provisions of *Chavez* and AR 97-4(9) apply only when the subsequent claim "arises under the same title of the Social Security Act" as the prior denied claim. Acquiescence Ruling 97-4(9). Plaintiff's 2013 application was for Title II Disability Insurance Benefits, while the current application is for Title XVI Supplemental Security Income. Tr. 17, 57. Despite the five-step process for determining disability being the same for both titles, the presumption of continuing non-disability has only been implemented as applying to subsequent claims under the same title. Therefore, the ALJ did not err.

**D.** <u>**Step Two.**</u>

Plaintiff argues the ALJ improperly found several impairments not to be severe at step two, including her mental health impairments, low BMI and gastrointestinal issues, and migraines. ECF No. 13 at 14-15. As this claim is being remanded for reconsideration of Plaintiff's subjective reports, the ALJ shall also reconsider each of the steps of the sequential evaluation process, taking into consideration any new records that may be submitted.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

### E. Step Three.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d). Plaintiff argues the ALJ erred in conducting only a cursory analysis of the listings he considered, and in failing to consider Listing 5.08 for weight loss due to a digestive disorder and Listing 11.02 for migraines. ECF No. 13 at 16-17. Defendant argues the ALJ's findings were sufficient, and that Plaintiff has not offered a plausible theory as to how her impairments equaled either Listing 5.08 or 11.02. ECF No. 15 at 17-20.

The Court finds the ALJ did not err. Listing 5.08 requires a showing of "weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.5 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. pt. 404, subpt. P, app'x 1, § 5.08. While the record contains various visits documenting Plaintiff as having a slight build and low BMI, there is no indication that she suffered weight loss due to a digestive disorder. The only digestive disorder Plaintiff received treatment for was a sudden difficulty swallowing for a brief period. Tr. 448-52, 477-81. Her low weight was documented long before this condition appeared and continued after it had resolved, and she denied substantial weight loss due to her swallowing problem. Tr. 441, 461, 515, 592, 598, 602, 610, 614. Therefore, it does not appear that she suffered weight loss due to a digestive disorder.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

Listing 11.02 for epilepsy can be used to assess whether a migraine disorder functionally equals a listing. Social Security Ruling 19-4p. The various sections of Listing 11.02 require different frequency of episodes, despite adherence to prescribed treatment. 20 C.F.R. pt. 404, subpt. P, app'x 1, § 11.02. Plaintiff has made no argument as to how her alleged migraines satisfy any of the parts of Listing 11.02. The only treatment record regarding migraines was Plaintiff's April 2019 report that she had experienced migraines for much of her life, and that they had been controlled for the last two years to the point that she did not need medication, but that her headaches had resumed over the past two months and she now needed a refill of the medication she had previously been on. Tr. 874-75. There are no further indicators of ongoing migraines. Therefore, there is no evidence that Plaintiff had migraines occurring at a frequency that would satisfy any of the subparts of Listing 11.02, despite treatment.

Plaintiff makes no other arguments that any of her other conditions meet or equal a listed impairment. Therefore, the ALJ did not err at step three. However, because this claim is being remanded for reconsideration of Plaintiff's subjective complaints, the ALJ shall also reconsider the five-step process, including whether any of Plaintiff's impairments meet or equal a listed impairment.

F.  **Step Five.**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 13 at 20-21. Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

## VIII. CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective statements, making findings on each of the five steps of the sequential evaluation process, and taking into consideration any other evidence submitted or arguments relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

//
//
//
//
//
//
//

5.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE